**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

JOHN CALHOUN AS LEGAL GUARDIAN                                     PLAINTIFF
AND NEXT FRIEND OF TRACYE ALEXANDER

VS.                                        Civil Action No. 3:08-cv-324-HTW-LRA

CLINTON PUBLIC SCHOOL DISTRICT
WILLIS MCINNIS, INDIVIDUALLY, AND IN HIS CAPACITY
AS PRINCIPAL OF SUMNER HILL, DON BYINGTON, INDIVIDUALLY,
AND IN HIS CAPACITY AS CHIEF OF THE CITY OF CLINTON
POLICE DEPARTMENT AND JOHN DOES 1-10           DEFENDANTS

## ORDER OF DISMISSAL

Before this court are motions to dismiss filed by defendants Clinton Public School, Clinton, Mississippi ("CPS"); CPS' Principal, Willis McInnis ("McInnis"); and Don Byington ("Byington"), Chief of the City of Clinton, Mississippi, Police Department. By their motions, these defendants ask this court to dismiss this action due to the plaintiff's failure to prosecute this action, to wit, plaintiff's failure to answer discovery and/or comply with the court's order compelling discovery. For authority, defendants rely upon Federal Rule of Civil Procedure 41(b)[1] and the court's inherent authority to manage its

---

[1] Rule 41(b) states in pertinent part "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

docket. Plaintiff John Calhoun who brings this action as legal guardian and next friend of Tracye Alexander has not responded to the motion.

This court is persuaded to grant defendants' motion. The following chronology explains the court's decision:

This lawsuit was filed on May 22, 2008.

On November 14, 2008, the court entered a scheduling order as required by Local Rule 16(a)(1).

On or about November 19, 2008, defendants CPS and McInnis propounded interrogatories and requests for production of documents to the plaintiff. Plaintiff did not respond.

On or about January 13, 2009, defendants CPS and McInnis propounded a second set of requests for production of documents to plaintiff. Plaintiff did not respond.

On or about January 16, 2009, defendant Byington propounded interrogatories and requests for production of documents to plaintiff. Plaintiff did not respond.

On or about May 4, 2009, defendants CPS and McInnis filed their motion to compel plaintiff to respond to written discovery. Plaintiff did not respond.

On or about May 4, 2009, Byington filed a motion to compel plaintiff to respond to written discovery. Plaintiff did not respond.

On May 26, 2009, Magistrate Judge Linda Anderson entered an Order granting Defendants CPS, McInnis and Byington's Motions to Compel and directed the plaintiff to respond fully to outstanding discovery on or before June 6, 2009. This court further ordered that plaintiff show cause to the court, in writing, as to why an award of

expenses should not be granted in favor of the defendants.

Since May 26, 2009, defendants have filed five more motions, to wit: a motion to dismiss [docket no. 31] filed by CPS and McInnis; a motion for summary judgment [docket no. 32] filed by CPS and McInnis; a motion to dismiss pursuant to Federal Rule of Civil Procedure 37(b) [docket no. 34] filed by Byington; a motion for summary judgment [docket no. 35]; a motion for attorney fees and expenses [docket no. 38] filed by CPS and McInnis; and a motion for attorney fees and expenses [docket no. 39] filed by Byington. Plaintiff has failed to respond to any of these motions.

This court noticed beforehand and scheduled a motion hearing on September 23, 2009. Plaintiff did not appear.

The court finds that this case should be dismissed without prejudice due to the plaintiff's failure to prosecute its case and to obey the orders of the court. This court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the court both under FED. R. CIV. P. 41(b) and under its inherent authority.[2] The court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). The actions of the plaintiff also prejudice the rights of the

---

[2] FED. R. CIV. P. 41(b) provides, in pertinent part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."

3

defendants promptly and fully to defend the claims made against them.

It is obvious to the court that this plaintiff has lost interest in prosecuting his claims against the defendants. Plaintiff should have responded to the Order to Show Cause in a timely fashion if concerned about the outcome of this litigation. For these reasons, this court hereby dismisses the complaint in this cause of action pursuant to FED. R. CIV. P. 41(b), without prejudice. Additionally, pursuant to FED. R. CIV. P. 37(b)(2)(C), this court grants fees in favor of the defendants.[3] At the September 23, 2009, hearing, this court ordered the defendants to submit an updated fee request to the court showing time expended in defense of this case as well as the hourly rate.

Defendants now have complied with this last order of the court and the court has reviewed the submissions. Plaintiff is hereby ordered to pay to CPS and McInnis the sum of $1978.20 in attorney fees as a result of plaintiff's failure to comply with court orders and failure to respond to written discovery. Counsel for defendant, George E. Abdo, III, calculated this amount based on an hourly rate of $157.00 an hour over 12.6 hours. Plaintiff is hereby ordered to pay counsel for defendant Byington the sum of $1327.00 in attorney fees as a result of the plaintiff's failure to respond to interrogatories, requests for production of documents and the order of the Magistrate Judge requiring a response thereto. These fees are calculated based on the attorney's time of 2.3 hours at an hourly rate of $125.00 and 7.7 hours at an hourly rate of $135.00.

---

[3] FED. R. CIV. P. 37(b)(2)(C) provides, in pertinent part, "the court must order the disobedient party . . . to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstance make an award of expenses unjust."

All defendants herein have requested additional sums in the defense of this case. CPS and McInnis seek an additional $24,742.32, while defendant Byington seeks an additional $14,517.32 in defense of this case. This court chooses not to award these amounts for two reasons: first, this lawsuit is dismissed without prejudice and plaintiff may elect to refile if jurisprudence allows. If successful in a subsequent lawsuit, the defendants would be entitled to costs, but not to attorney fees. Secondly, the defendants did not itemize these requests so that this court could determine any relationship with the pretrial motions gone unaddressed by plaintiff. For both these reasons, this court declines to impose the additional attorney fees and expenses requested by counsel for defendants.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this case be dismissed without prejudice and plaintiff is ordered to pay the above specified attorney fees. Plaintiff is to pay these fees before refiling this litigation in any court.

**SO ORDERED, this the 25th day of March, 2010.**

          **s/ HENRY T. WINGATE**

          _____
          **CHIEF JUDGE**
          **UNITED STATES DISTRICT COURT**

Civil Action: 3:08-cv-324-HTW-LRA
Order Dismissing the Case Pursuant to Fed. R. Civ. P. 41(b)
Order Granting Fees in Favor of the Defendants Pursuant to Fed. R. Civ. P. 37(b)(2)(C)